**WARFORD v. ARKANSAS FUEL OIL CO. et al.**

**No. 5502.**

Court of Appeal of Louisiana. Second Circuit.

June 1, 1937.

Rehearing Denied June 30, 1937.

Writ of Certiorari and Review Denied Nov. 2, 1937.

P. S. Gaharan, Jr., of Jena, for appellant. Vinson M. Mouser, of Columbia, for appellee.

TALIAFERRO, Judge.

Plaintiff sued for compensation on the basis of total permanent disability, and was awarded judgment therefor. This appeal is prosecuted by the defendant employer and its insurer, Fidelity & Casualty Company of New York. The sole questions now in controversy are: (1) The extent of plaintiff's disability and (2) whether or not he is physically able to do work of any reasonable character. The employment and injury from accident while perform-

ing the duties thereof, and rate of wages, are all admitted.

Plaintiff was an oil field worker. His duties required performance of hard, manual labor. He was en route to the scene of his labors when injured. He was standing erect in the truck transporting him and other workers. It turned a street corner in the town of Tullos at a fast rate of speed; plaintiff lost his balance, and, to avoid falling out awkwardly, jumped, and landed on the ground on his left foot. The heel bone (os calcar) was severely crushed, resulting in immediate total disability to perform the duties of his employment. He was paid compensation for 45 weeks. Further payments were refused for the alleged reason that plaintiff had fully recovered the use of the foot and was engaged in a line of business, the income of which equaled or exceeded that earned by him as a laborer.

Before the day of trial, the fracture of the heel bone had completely healed, but, as the fracture was not reduced immediately after the accident (in fact, not at all), restoration of normal physical functions of the bones, ligaments, etc., in and about the heel was not secured. Seemingly, crushed particles of bone and cartilage remained in and about the situs of the fracture which militated against perfect union of the separated parts of the porous heel bone. There is no doubt, under the testimony, that at the time of trial plaintiff was still suffering some disability to perform the duties of a laborer. He is able to stand and walk on level surfaces for indefinite periods. It is disclosed that he owns and operates a combined saloon, restaurant, and dance hall in or near the village of Tullos, La. At times he actively attends the needs of customers, disciplines the unruly, and himself engages in the terpsichorean art for pleasure. He demonstrated his ability to hunt ducks and squirrels, which requires considerable walking, by doing so, and drives his own automobile when and where he desires. When injured, he weighed 165 pounds and now tips the scales at 182. He also owns half interest in a business at Georgetown, La. Aside from the injured heel, his appearance is that of a sound, robust man.

Defendants sought to elicit and introduce testimony to support their contention that plaintiff's disability did not prevent him from doing work of a reasonable character, even of a kind different from that engaged in when injured, which yields him a substantial income. This testimony was excluded on objection of plaintiff. We think there was error in this ruling. The record clearly reveals that plaintiff has substantial earning power and ability, notwithstanding the crippled condition of his left foot. It is true that the foot's condition prevents him from doing the heavy work of an oil field worker, but, if he has the ability to engage in work of a different character and earn returns therefrom, certainly his disability, due to the accident, is not total.

Plaintiff largely relies upon the case of Custer v. New Orleans Paper Box Factory, Inc., 170 So. 388, decided by the Orleans Court of Appeal, in which, we are advised, a writ of review was denied by the Supreme Court. This decision does not support plaintiff's case. The facts of the two cases are wholly dissimilar. There, the plaintiff had lost his right hand completely, and was of limited education. He could not write with his left hand and was only qualified to perform manual labor for subsistence. The court held, in view of these facts, the loss of the hand totally and permanently disabled him from not only performing his regular labor, but also from doing "work of any reasonable character," within the intendment of the Workmen's Compensation Law (Act No. 20 of 1914, as amended); and awarded compensation on that basis, rather than for the specific loss of a hand. Our position may be the better understood by illustration. An able-bodied man, qualified as a bookkeeper, may decide to engage in work requiring heavy physical labor and exertion. He loses a foot. His injury and disability is limited to loss of that member. He returns to bookkeeping and earns a good salary. In such case, he could only recover the compensation allowed for the loss of the foot; but, as in the Custer Case, if the loss of the foot wholly disabled him from performing the only work he was able to perform, then compensation would be due him on the basis of total and permanent disability. In the case at bar, plaintiff is shown to be able to carry on a line of business other than that engaged in when hurt. This case clearly falls without the rule announced in the Custer Case.

We shall have to remand this case to the lower court for the reception of testimony of the kind and character rejected by it

and in keeping with the views herein expressed.

For the reasons herein assigned, the judgment appealed from is reversed and set aside, and this case is remanded to the lower court for the purposes herein stated. Costs of appeal are assessed against appellee.